## MAJOR *vs.* SPIES.

In any action to recover for work and labor of the plaintiff as a carpenter and joiner, a witness testified that he was a carpenter and joiner, of thirty years' experience, and had resided in the place where the labor was performed, for six or seven years. Being asked what the services of good carpenters and joiners were worth, at the place and time of performing the work, the question was objected to, and overruled and exception taken. The witness, after stating the value of such work at the time and place, testified that the plaintiff had worked for, and with him, and that he considered the plaintiff a good and fast workman. A motion to strike out this statement was denied, and exception taken. *Held* that there was no error in the rulings excepted to.

That in the absence of any special agreement, the plaintiff was presumptively entitled to recover according to the ruling price of wages, at the time and place, for workmen of like character; and the evidence was competent, as

Major v. Spies.

tending to fix the amount which the plaintiff was entitled to recover on a *quantum meruit*, though not conclusive.

The defendant, being a witness in his own behalf, claimed that the work done by the plaintiff after a certain date was not done for the defendant, but on the employment and behalf of another person, who had taken the job, or in partnership with such person. He was asked, "Did the plaintiff know you had nothing to do with the labor on the building, after October last?" *Held* that this evidence was properly excluded; on the ground that it was competent for the defendant only to state declarations, acts or circumstances tending to show that the plaintiff had notice.

APPEAL, by the defendant, from a judgment on the report of a referee.

*W. C. Thompson*, for the appellant.

*Anson B. Moore*, for the respondent.

*By the Court*, TALCOTT, J. This is an action to recover for work, labor and services of the plaintiff as a carpenter and joiner. No price for the labor appears to have been agreed on, and the plaintiff sought to prove the amount he was entitled to recover in various ways. The case shows two exceptions to the admission of the evidence. A witness was called who stated that he was a carpenter and joiner of thirty years' experience, and had resided in the place where the labor was performed for six or seven years. He was then asked by the counsel for the plaintiff what the services of good carpenters and joiners were worth at that place in the fall of 1871, when the work was performed. The question was objected to as irrelevant and immaterial. The objection was overruled and an exception taken by the defendant. The witness, after stating the value of carpenter and joiner's work at the time and place, further went on to state that the plaintiff had worked for him and with him, and that he considered the plaintiff a good and fast workman. This statement the defendant's counsel moved to have striken out. The motion was denied,

and exception taken. The defendant, being a witness in his own behalf, claimed that the work done by the plaintiff after a certain date was not done for the defendant, but that although the building on which the work was done belonged to him, he had employed another person to finish the work by the job, and that the labor performed by the plaintiff, after the specified date, was in fact done on the employment and in behalf of the party who had taken the job, or in copartnership with him. In the course of his examination he was asked, "Did Major, the plaintiff, know you had nothing to do with the labor on the building after October last?" This question was objected to, on the ground, substantially, that it called upon the witness to speak as to plaintiff's knowledge, and not for declarations, acts, or other evidence tending to show such knowledge or notice. The objection was sustained and the defendant excepted. We perceive no error in the rulings excepted to. In the absence of any special agreement the plaintiff was presumptively entitled to recover according to the ruling price of wages, at the time and place, for workmen of like character, and the evidence was competent, as tending to fix the amount which the plaintiff was entitled to recover on a *quantum meruit*, though not conclusive.

The exclusion of the question put to the defendant, upon the ground that he could not tell what the state of the plaintiff's mind was, that he was only competent to state declarations, acts, or circumstances having a tendency to show that the plaintiff had notice of the alleged change in regard to the manner of doing the work claimed by the defendant, was also correct. The defendant also excepts because the referee did not sustain his claim that on the 21st of October the responsibility for the work thereafter to be done became shifted from the defendant to his foreman, by means of the alleged contract to do the work by the job. We are inclined to

think that the referee came to the correct conclusion on this controverted question. However that may be, the evidence was conflicting. The referee was enabled to judge better than we can be of the credit to be given to the respective witnesses.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]